The undersigned have reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Jan N. Pittman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to Amend the Opinion and Award. The Full Commission takes judicial notice of a prior Opinion and Award rendered in this matter on 29 November 1990 by Deputy Commissioner Tamara R. Nance, the Opinion and Award filed by the Full Commission on 24 July 1991, the 15 December 1992 Opinion of the North Carolina Court of Appeals and the Order for the Full Commission of 3 March 1993.
* * * * * * * * * * * * * *
EVIDENTIARY RULING
All objections raised during the depositions of Drs. Gwinn and Derian are ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
RULING ON MOTION FOR ADDITIONAL TESTIMONY
As the issue of insurance coverage has been litigated during the prior hearing held before Deputy Commissioner Nance which was the subject of her Opinion and Award, plaintiff's motion to introduce additional testimony regarding the issue of insurance coverage was DENIED.
* * * * * * * * * * * * * *
The Full Commission finds as a fact and concludes as a matter of law the following, which was entered into by the parties at the hearing as a:
STIPULATION
All stipulations contained in the Pre-Trial Agreement entered into by the parties prior to the hearing on 14 July 1993 before Deputy Commissioner Pittman are incorporated herein by reference, including the medical records which were made a part of said pretrial agreement.
* * * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a forty-six (46) year old married male with a ninth grade education who has work experience in the areas of farming and construction work.
2. Since 1984, plaintiff had been employed by defendant-employer off and on, as a construction worker. In September 1989, plaintiff was employed by defendant-employer as a forklift operator earning $6.50 an hour working approximately thirty-seven (37) hours per week. During September 1989, plaintiff along with other members of defendant-employer's crew were working on a job site, specifically a Food Lion, located in South Boston, Virginia.
3. Plaintiff alleges that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer on or about 22 September 1989 when he felt a pull and pain in his lower back when picking up "block" off of a pallet.
4. Plaintiff further testified that he reported this incident to his supervisor, Mr. Boyd, that he continued working that day, that the pain increased during the weekend, and that when he returned to work on Monday (25 September 1989); he was only able to work for four (4) hours and then had to go lay down in the van for the rest of the day due to the back pain he was experiencing.
5. Further evidence of record including testimony by defendant-employer, Bennie Kearney; plaintiff's supervisor, Melvin Boyd; and a co-employee, Anthony Akins, contradict plaintiff's testimony regarding his alleged injury by accident on 22 September 1989.
6. Due to rainy weather conditions, defendant-employer's work crew including plaintiff, Mr. Boyd and Mr. Akins did not work on 22 September 1989 (Friday) due to poor weather conditions. Furthermore, due to continuing poor weather conditions, defendant-employer's work crew including plaintiff, Mr. Boyd and Mr. Akins only worked approximately four hours on Monday, September 25, 1989.
7. Therefore, plaintiff did not report and could not have reported an on the job injury to Mr. Boyd on 22 September 1989. Plaintiff did inform Mr. Kearney on 25 September 1989 that he was experiencing back pain; however, he did not attribute this back pain to any on the job injury. Furthermore, when plaintiff first sought medical treatment for back pain on 26 September 1989 at Healthco for complaints of pain in his lower back radiating down his right leg, he did not attribute said condition to an on the job injury. The medical evidence of record reveals that it was not until 11 October 1989 when plaintiff was first seen by Dr. Price, a neurosurgeon, that plaintiff attributed his complaints of back pain to an on the job injury informing Dr. Price of the onset of back pain when bending over to pick up blocks.
8. Plaintiff's testimony that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer on 22 September 1989 is not deemed credible. Rather, the credible evidence of record reveals that plaintiff experienced the onset of back pain on 22 September 1989 when plaintiff without assistance experienced the onset of back pain when moving a "pump house" at his home which was approximately six (6) feet high and four feet wide. In fact, plaintiff informed Mr. Adkins who lived nearby plaintiff's home and visited plaintiff on 22 September 1989 as they were not working that day, that he (plaintiff) had hurt his back when moving the pump house. Also, when Mr. Boyd, plaintiff's supervisor and friend for several years visited plaintiff on 23 September 1989 he too was informed by plaintiff that he [plaintiff] has strained his back when moving a pump house.
9. Prior to 22 September 1989, plaintiff had been treated for back pain in May 1980 which was diagnosed as a low back strain. While medical evidence of record does not reveal any additional treatment for a back condition, plaintiff prior to 22 September 1989 complained of back pain to his co-workers which would require him to at times sleep on the floor. Furthermore, an MRI scan performed in June 1990 revealed degenerative changes at multiple levels of plaintiff's spine associated with lumbar stenosis.
10. The condition of degenerative disc disease can be aggravated when one lifts something "too heavy" which causes stress to be placed on the disc. Medical opinions in this case which attribute plaintiff's complaints of back pain to an aggravation of his degenerative disc disease caused by a lifting incident at work on 22 September 1989 are not deemed controlling in that when assessing plaintiff's demeanor during the hearing in conjunction with the totality of evidence of record, the plaintiff's testimony and the allegation that he sustained an injury on 22 September 1989 are not deemed credible. Rather, plaintiff suffered the onset of back pain following the lifting of the pump house at his home, an incident which occurred when plaintiff was not engaged in his work duties for defendant-employer and this lifting incident plausibly could have aggravated plaintiff's back condition and be the cause of plaintiff's continuing complaints of back pain.
* * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer on 22 September 1989 nor did he sustain a back injury as the result of a specific traumatic incident of the work assigned. G.S. § 97-2(6).
2. Plaintiff is, therefore, not entitled to benefits pursuant to the provisions of the North Carolina Workers' Compensation Act. G.S. § 97-2 et seq.
* * * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law the Full Commission affirms the holding of the Deputy Commissioner and enters the following
ORDER
1. This claim must under the law be and is hereby DENIED.
2. Each side shall pay its own costs.
 S/ ______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ______________________ LAURA KRANIFELD MAVRETIC DEPUTY COMMISSIONER